UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JEAN BRILL,<br><br>   Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,<br><br>   Defendant. | Case No. 22-cv-05579-LJC<br><br>**ORDER DENYING MOTION TO SUPPLEMENT THE RECORD WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 19-1 |

  Plaintiff Cory Jean Brill brings this civil action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c) seeking judicial review of the Administrative Law Judge's (ALJ) denial of her application for Social Security Disability benefits. Dkt. 1. On March 3, 2023, Plaintiff filed a Motion for Summary Judgement. Dkt. 19. Attached to the motion was a document with a docket entry label and caption stating, "Declaration in Support of Motion for Summary Judgment." Dkt. 19-1. The body of the document leads with a heading that states "Motion to Supplement the Record," and it follows with Plaintiff's request for an order allowing her to supplement the record pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 7. Id. According to Plaintiff, there is a report from Christopher Snell, PhD, dated September 14, 2020, that was submitted to the Appeals Council but not included in the administrative record lodged in this case. Id.

  As an initial matter, the Court construes Plaintiff's "Declaration in Support of Motion for Summary Judgement," Dkt. 19-1, as a Motion to Supplement the Record. Plaintiff erroneously filed this Motion to Supplement the Record as an attachment to her Motion for Summary Judgement. Plaintiff shall correct this filing error, by refiling the motion as a motion rather than an attachment, with a corrected docket entry label and caption.

Plaintiff has also failed to attach a proposed order or a proper supporting declaration to her motion as required by Local Rules 7-2 and 7-5.  Plaintiff shall re-file her motion with a proposed order and a declaration that complies with the Local Rules and statutory requirements.  L.R. 7-2(c)-(d) and 7-5.  28 U.S.C. § 1746 sets forth the required form for unsworn declarations under penalty of perjury:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same…such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> …
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

Id.; see also Judge Virginia A. Phillips et al., Rutter Grp. Prac. Guide: Fed. Civ. Proc. Before Trial ¶ 12:50 (Cal. & 9th Cir. eds. 2022) (addressing requirements for wording of declaration). Moreover, a declaration must be made by a "person," as contemplated by 28 U.S.C. § 1746.  See also L.R. 7-5 (declarations and affidavits must comply with the requirements of Rules 56(c) and (e) of the Federal Rules of Civil Procedure).

Accordingly, Plaintiff's Motion to Supplement the Record, Dkt. 19-1, is **DENIED** without prejudice.  Plaintiff shall re-file her Motion to Supplement the Record on or before March 14, 2023, and Defendant shall respond within seven days after Plaintiff re-files the motion.  If a hearing is necessary, the Court will schedule one.

**IT IS SO ORDERED.**

Dated: March 7, 2023

LISA J. CISNEROS
United States Magistrate Judge

2