UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B.,<br>Plaintiff,<br>v.<br>Commissioner of Social Security,<br>Defendant. | Case No. 22-cv-05579-LJC<br><br>**ORDER REGARDING MOTION FOR AUTHORIZATION OF ATTORNEY FEES AWARD**<br><br>Re: Dkt. No. 32 |

Before the Court is Plaintiff C.B.'s counsel's motion for authorization of an attorney fee's award under 42 U.S.C. § 406(b). For the following reasons, the motion is GRANTED.

## I. BACKGROUND

Plaintiff C.B. filed this lawsuit against Kilolo Kijakazi,[1] then Acting Commissioner of the Social Security Administration, challenging the Social Security Commissioner's (Commissioner's) decision to deny her application for social security benefits. *See* ECF No. 1. The Court decided in C.B.'s favor and remanded the matter for further administrative proceedings. ECF No. 28 at 1. After remand, the parties stipulated to award C.B. $9,784.80 in attorney fees under the Equal Access to Justice Act (EAJA). ECF Nos. 30, 31. A new hearing was held before an Administrative Law Judge (ALJ) and C.B.'s application for benefits was ultimately approved. *See* ECF No. 32-1 ¶¶ 1, 5. C.B. was awarded $153,261 in past-due benefits, ongoing monthly benefits of $1,871, and medical coverage through Medicare. *Id.* ¶ 5, at 14.

Plaintiff's counsel, Moselle Leland Bohorquez, has now moved for authorization of

[1] Although Kilolo Kijakazi is no longer Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Civil Procedure 25(d), her successors were "automatically substituted as a party."

United States District Court
Northern District of California

attorney's fees under 42 U.S.C. § 406(b). She attests that C.B. entered into a contingency fee agreement with her firm in June 2020, promising to pay up to twenty-five percent of any past-due benefits awarded. 32-1 ¶ 4, at 8-10 (Ex. A, Contingency Fee Agreement). Plaintiff's counsel requests authorization of an attorney's fee award of $29,115.25, which is twenty-five percent of Plaintiff's past-due benefits award minus $9,200 in fees requested under 42 U.SC. § 406(a) for representation before the Social Security Administration. ECF No. 32 at 2. Plaintiff's counsel attests that if her motion is granted and she "is awarded attorney's fees under 42 U.S.C. Section 406(b)," she would refund "Plaintiff the amount of $9,784.80" in EAJA fees. *Id.* ¶ 6.

A copy of this motion was served on C.B. and the Commissioner. ECF No. 33. C.B. did not file a response or objection to the motion. The Commissioner filed a response informing the Court that it "neither supports nor opposes counsel's request for attorney's fees," but requesting that "the Court direct that Counsel reimburse Plaintiff any fees they received under" the EAJA. ECF No. 34 at 2-3.

## II. LEGAL STANDARD

Attorneys handling Social Security proceedings may request fees under 42 U.S.C. § 406(b), to be paid out a successful claimant's past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Title 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . .

Section 406(b) protects "claimants against inordinately large" contingency fees while also ensuring "that attorneys representing successful claimants" do not risk nonpayment, and was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht*, 535 U.S. at 793, 805 (internal quotations omitted). The attorney seeking fees pursuant to § 406(b) "bears the burden of establishing that the fee sought is reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

"Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Id.* at 1149. In evaluating a request for fees under § 406(b), courts "start with the contingent-fee agreement[s]" between claimants and their counsel and then evaluate whether "the amount need be reduced." *Id.* at 1148-49. "The court may properly reduce the" agreed-upon "fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1150. The court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Gisbrecht*, 535 U.S. at 808. Although fee awards "may be made under both" the EAJA and § 406(b), the claimant's attorney must refund the smaller of the two fees to the claimant. *Id.* at 796.

## III. ANALYSIS

Having reviewed Ms. Leland Bohorquez's motion and supporting declaration, the Court finds that Ms. Leland Bohorquez has met her burden of demonstrating that the fees she requests are reasonable. C.B. entered into a contingency fee agreement providing for a twenty-five percent fee, "which is consistent with the statutory cap" imposed by § 406(b). *Garcia v. SSA Comm'r*, No. 23-cv-0013, 2026 WL 1200843, at *2 (N.D. Cal. May 1, 2026); *see* ECF No. 32-1 ¶ 4, at 9. There is no indication that Ms. Leland Bohorquez's representation was substandard. To the contrary, the outcome in this matter—C.B. obtained $114,946.75 in past-due benefits, $1,781 in ongoing monthly benefits, and Medicare coverage—indicates that Ms. Leland Bohorquez's representation was highly effective. *See* ECF No. 32-1 at 14. Nor is there any indication that C.B.'s agreement to pay twenty-five percent of past-due benefits was due to "fraud or overreaching" or that Ms. Leland Bohorquez caused "excessive delay which resulted in an undue accumulation of past-due benefits." *Crawford*, 586 F.3d at 1151; *see* ECF No. 32-1 at 39-43 (record of time spent on administrative proceedings post-remand).

Ms. Leland Bohorquez attests that her hourly rate for non-contingency cases was $400 during the pendency of this lawsuit. ECF No. 32-1 ¶ 14. She attests that she spent 44.88 hours on this case. *Id.* ¶ 12; *see id.* at 30-31 (record of time spent on district court case). Given that she

United States District Court
Northern District of California

requests an award of $29,115.25, her effective hourly rate for this case would be $648.74.[2] To be sure, this is higher than her $400 hourly rate for non-contingency cases. ECF No. 32-1 ¶ 14. But this is reasonable given "the substantial risk of loss inherently involved in representing Social Security disability claimants" on a contingent basis and the "long, long time" counsel has waited for payment. *Falconer v. SSA Comm'r*, No. 23-cv-06322, 2026 WL 710395, at *2 (N.D. Cal. Mar. 13, 2026); *Crawford*, 586 F.3d at 1152; *see* ECF No. 32-1 ¶ 8. The Court accordingly finds that her requested fee is reasonable. *See Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *Reddick v. Berryhill*, No. 16-cv-29, 2019 WL 1112080, at *3 (S.D. Cal. Mar. 11, 2019) (setting "de facto hourly rate" at $1,080.26); *Alowdi v. SSA*, No. 21-cv-5584, 2026 WL 915170, at *2 (N.D. Cal. Apr. 3, 2026) (finding effective hourly rate of $826 reasonable).

Having concluded that the fee sought under § 406(b) is reasonable, the Court must order Ms. Leland Bohorquez to refund to C.B. the amount of EAJA fees previously awarded. *See Gisbrecht*, 535 U.S. at 796.

## IV. CONCLUSION

The Court accordingly GRANTS Ms. Leland Bohorquez's motion for attorney's fees under 42 U.S.C. § 406(b). The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $29,115.25, payable to Moselle C. Leland Bohorquez. Counsel is ORDERED to refund to C.B. the amount awarded under the EAJA to offset the payment of § 406(b) fees when such fees are paid in full.

**IT IS SO ORDERED.**

Dated: July 30, 2026

LISA J. CISNEROS
United States Magistrate Judge

[2] The Commissioner explains, "Awarding the full amount requested by Counsel would result in reimbursement at a rate of $678.99 per billed attorney hour ($29,115.25 (amount requested)/ 42.88 (attorney district court hours) = $678.99)." ECF No. 34 at 2. But Ms. Leland Bohorquez attests that she spent 44.88, not 42.88, hours on this case. Her effective hourly rate would thus be $29,115.25/44.88 hours expended = $648.74.